IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| KENNETH JOHANSEN, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>BLUEGREEN VACATIONS UNLIMITED, INC., a Florida corporation,<br><br>Defendant. | Case No. 20-cv-81076-SMITH<br><br>CLASS ACTION COMPLAINT |

## FIRST AMENDED CLASS ACTION COMPLAINT

### Preliminary Statement

1. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

2. Plaintiff Kenneth Johansen ("Plaintiff") brings this action under the TCPA alleging that Bluegreen Vacations Unlimited, Inc. engaged in illegal telemarketing to originate new customers by calling residential numbers listed on the National Do Not Call Registry, like Mr. Johansen's number, which is prohibited by the TCPA.

3. The Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### Parties

5. Plaintiff Kenneth Johansen is an Ohio resident.

6. Defendant Bluegreen Vacations Unlimited, Inc. is a Florida corporation that is headquartered in this District.

### Jurisdiction & Venue

7. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

8. Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District.

### The Telephone Consumer Protection Act

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

10.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

### Defendant's Telemarketing

13.     Defendant Bluegreen is a travel services provider that targets the consumer, vacation travel market.

14.     Defendant uses telemarketing to promote their services.

15.     Recipients of these calls, including Plaintiff, did not consent to receive them and are often on the National Do Not Call Registry.

### The Calls to Mr. Johansen

16.     Plaintiff Johansen is a "person" as defined by 47 U.S.C. § 153(39).

17.     Plaintiff has a residential telephone number of (614) XXX-1037.

18.     The number is not associated with any business.

19.     Bluegreen placed at least nine telemarketing calls to Mr. Johansen.

20.     The Plaintiff received a telemarketing call, initiated by the defendant, on May 26, 2020 at 7:46PM.  Plaintiff answered the call and said, "Hello."  No one responded and the

Defendant's line disconnected after 30 seconds.  Apparently, the Defendant initiated more calls than it had agents to answer.

21. The Plaintiff then received another call on May 27, 2020.

22. To conclusively identify the party that was contacting him illegally, the Plaintiff listened to the sales pitch of the telemarketer and conclusively identified the Defendant.

23. The call was then terminated.

24. The Defendant then contacted the Plaintiff at least four more times that day.

25. Making no reference to the calls on May 26 and May 27 as part of the solicitation, the Plaintiff was then called again on June 2, 2020.

26. The calls came from two Caller ID numbers: (216) 279-5134 or (419) 458-5578.

27. Each of those numbers have had complaints associated with them.

28. First, the website NoMoRobo, winner of the FTC's challenge to stop robocalls, has labeled calls from (419) 458-5578 as robocalls. *See* https://www.nomorobo.com/lookup/419-458-5578 (Last Visited July 7, 2020).

29. Second, consumers complaining about calls from (216) 279-5134 have labeled them as "verified ROBO call". *See* https://800notes.com/Phone.aspx/1-216-279-7356 (Last Visited July 7, 2020).

30. The purpose of the calls was to sell Mr. Johansen Bluegreen's services.

31. To conclusively identify the company, Mr. Johansen received e-mails from the company on May 27, 2020 and June 2, 2020.

32. Each of the e-mails were from vacationdeals@blgrnvacations.com.

33. This e-mail address belongs to the Defendant.

34. Like the calls, the e-mails promoted the vacation packages sold by Bluegreen.

35. The Plaintiff did not engage the telemarketing company to identify them until he received his second telemarketing call from them.

36. The Plaintiff does not presently intend to pursue claims based on the last four May 27, 2020 calls or the June 2, 2020 call.

37. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

## Class Action Allegations

38. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of classes of all other persons or entities similarly situated throughout the United States.

39. The class of persons Plaintiff proposes to represent is tentatively defined as:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Bluegreen (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

This is referred to as the "Class".

40. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

41. The Class as defined above is identifiable through phone records and phone number databases.

42. The potential members of the Class is likely to number in the thousands based on the automated telemarketing conduct.

43. Individual joinder of these persons is impracticable.

44. The Plaintiff is a member of the Class.

45. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

    (b) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

    (c) whether Defendant's conduct constitutes a violation of the TCPA; and

    (d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

46. Plaintiff's claims are typical of the claims of members of the Class.

47. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

48. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

49. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

50. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

51. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

52. The Defendant's violations were negligent, willful, or knowing.

53. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of up to $1,500 in damages for each and every call made.

54. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

### Relief Sought

For himself and all lass members, Plaintiff requests the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant' behalf from making telemarketing calls, except for emergency purposes, to any residential number for in the future.

F. An award to Plaintiff and the Class of damages, as allowed by law;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully Submitted,

KENNETH JOHANSEN, individually and on behalf of those similarly situated individuals

Dated: September 18, 2020

/s/ Avi Kaufman
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiff and the putative class*